

**NUMBERS 13-11-00648-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**CODY WAYNE BORDES**
**A/K/A CODY BORDES,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Pursuant to a plea-bargain agreement, appellant, Cody Wayne Bordes a/k/a Cody Bordes, pleaded guilty to burglary of a building, a state-jail felony. *See* TEX. PENAL CODE ANN. § 30.02 (West 2003). The Court accepted the plea agreement and placed appellant on deferred-adjudication community supervision for a period of three years.

Appellant thereafter failed to comply with at least three of his community-supervision requirements by committing theft, failing to report to the community supervision department of Jefferson County, and testing positive for cocaine by-products. The State filed a motion to revoke appellant's community supervision and adjudicate guilt. Appellant pleaded true to the first three alleged violations of his community supervision, and the State abandoned the remaining alleged violations. After receiving evidence, the trial court revoked appellant's community supervision, adjudicated appellant guilty, and sentenced appellant to two years of confinement in the Texas Department of Criminal Justice—State Jail Division.

The trial court also ordered appellant to pay $1,530.00 in administrative fees, $619.00 in court costs, and $1,044.48 in restitution.

Appellant timely perfected appeal and, as discussed below, his court-appointed counsel filed an *Anders* brief.   We affirm.[1]

## I.   *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.   Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.   *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.   Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant

---

[1]   Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before us on transfer from the Ninth Court of Appeals in Beaumont, Texas.   *See* TEX. GOV'T CODE ANN.    § 73.001 (West 2005).

of his right to review the record and to file a pro se response.[2]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  There is no reversible error in the record.  Accordingly, the judgment of the trial court is affirmed.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)  ("[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must

---

[2]   The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

4

file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

Gregory T. Perkes
Justice

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of March, 2012.

---

[3]   No substitute counsel will be appointed.   Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.   *See* TEX. R. APP. P. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See* TEX. R. APP. P. 68.4.